UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL ANGEL VALENCIA CORTES,

      Petitioner,

v.                                                          Case No. 3:26-cv-516-MMH-PDB

WARDEN, BAKER CORRECTIONAL
INSTITUTION and U.S. ATTORNEY
GENERAL,

      Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Miguel Angel Valencia Cortes, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on March 11, 2026. The Federal Respondent (United States Attorney General) filed a Response to Habeas Petition (Doc. 4). Respondent Warden filed a Motion to Dismiss (Doc. 7), arguing he is not a proper respondent in this case. Cortes filed a Reply (Doc. 9). This case is ripe for review.

### **II. Background**

Cortes, a citizen of Colombia, entered the United States on August 27, 2023. Response at 2. A border patrol agent encountered Cortes in the San Diego Border Patrol Sector and detained him. Id. On September 1, 2023, Cortes was

released on his own recognizance. Id. On March 3, 2026, United States Immigration and Customs Enforcement (ICE) detained Cortes following a traffic stop. Id.

### III. Analysis

The crux of Count One of Cortes's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 7–8.[1] As relief, he seeks, inter alia, immediate release. Id. at 8–9. The Federal Respondent argues that this Court lacks jurisdiction over Cortes's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 3–7.

The Court is satisfied it has jurisdiction over Cortes's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking

---

[1] Because the Court finds that Cortes is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2

entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Cortes, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Cortes was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Nevertheless, even if Hernandez Alvarez is not applicable, the Court finds its previous opinion on this issue applies with equal force to this case. See Valencia v. Noem, No. 3:26-CV-297-MMH-PDB, 2026 WL 730318 (M.D. Fla. Mar. 16, 2026). Indeed, given that Cortes has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondent contends and the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the

3

alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held).

Accordingly, it is **ORDERED**:

1. Cortes's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One. Respondents shall release Cortes **within 24 hours of this Order**. At least five (5) hours before releasing Cortes, Respondents shall provide Cortes with access to a telephone to arrange transportation from the detention facility

2. Respondent Warden, Florida Baker Correctional Institution's Motion to Dismiss (Doc. 7) is **DENIED.** See, e.g., Fonseca, 2026 WL 1072778, at *4–**5**.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

4

Jax-9 5/8
c:
Miguel Angel Valencia Cortes
Counsel of Record